Filed 3/16/23  In re S.J. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re S.J. | B321817 |
| on | (Los Angeles County Super. Ct. No. MJ24396) |
| Habeas Corpus. | |

ORIGINAL PROCEEDINGS in habeas corpus.  Superior Court of Los Angeles County, Brian C. Yep, Judge.  Petition dismissed.

Erika Anzoategui, Alternate Public Defender, Megan N. Gallow, and Mark Wynn for Petitioner S.J.

Lawrence Beach Allen & Choi and Justin W. Clark for Respondent Los Angeles County Probation Department.

George Gascon, District Attorney, Tracey Whitney and Kenneth M. Von Helmolt, Deputy District Attorneys, for Real Party in Interest the People of the State of California.

At approximately 4:00 p.m. on Friday, July 15, 2022, the Los Angeles Sheriff's Department's Transit Service Bureau arrested petitioner S.J. after he assaulted and robbed someone at a Metro station. An investigation revealed an outstanding bench warrant issued by the juvenile court over a year earlier, on May 14, 2021, after S.J. absconded from his probation placement.

On Tuesday, July 19, 2022, at 2:34 p.m., the Los Angeles County District Attorney declined to file a new Welfare and Institutions Code section 602 petition against S.J. in connection with the Metro robbery and assault. Two days later, on Thursday, July 21, 2022, S.J. was taken to the Antelope Valley courthouse for a detention hearing on the probation violation.

Upon appearing in court, counsel for S.J. asked that he be released from custody because he was not given a detention hearing within 48 hours (excluding non-court days) after being taken into custody. Counsel relied on California Rules of Court, rule 5.752(e)(1), which requires a detention hearing to commence within 48 hours, excluding non-court days, after "[t]he child has been taken into custody on a warrant or by authority of the probation officer." Failure to comply with the deadline entitles the minor to immediate relief. (Welf. & Inst. Code, § 632, subd. (c); Cal. Rules of Court, rule 5.752(i).)

The People countered with California Rules of Court, rule 5.752(b), which provides "[a] child must be released from custody within 48 hours, excluding non-court days, after first being taken into custody unless a petition or notice of probation violation has been filed either within that time or before the time the child was first taken into custody." The People argued, in effect, that the 48-hour period to commence a detention hearing specified in California Rules of Court, rule 5.752(e)(1) runs consecutive to the

2

48-hour period specified in California Rules of Court, rule 5.752(b) to file a new section 602 petition.

The juvenile court declined to release S.J., reasoning that rule 5.752(e)(1)'s 48-hour deadline to commence a detention hearing for a minor taken into custody pursuant to a warrant began running only when the District Attorney's Office declined to file a new 602 petition.  S.J. petitioned this court for writ of habeas corpus on July 26, 2022.  We issued an order to show cause to the Probation Department on August 1, 2022, and directed the juvenile court to release S.J., with any reasonably necessary conditions, pending disposition of this matter.

The juvenile court complied with our release order.  The court then terminated jurisdiction over petitioner on August 24, 2022, one day after he turned 18 years of age.

In light of these developments, the parties agree this appeal is now moot.  That is our view as well.

We recognize we have discretion to decide a moot issue that presents an issue of public importance and is capable of repetition yet evading review (see, e.g., *People v. Alsafar* (2017) 8 Cal.App.5th 880, 883), but we are unconvinced this issue will evade review and we decline to exercise our discretion to resolve this moot cause.  (*Verdugo v. Target Corp.* (2014) 59 Cal.4th 312, 316, fn. 1 ["we do not resolve abstract questions of law"]; *Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132 ["It is settled that 'the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it'"].)

DISPOSITION

The habeas corpus petition is dismissed as moot.

NOT TO BE PUBLISHED IN THE OFFICAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

KIM, J.